# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

JAMES W. BOLT                                                                    PLAINTIFF

V.                              CASE NO. 5:19-CV-05068

ROBERT CESSARIO, Federal Bureau of Investigation;
KYRA E. JENNER, Assistant United States Attorney;
and MARK W. WEBB, Assistant United States Attorney                DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff, James W. Bolt, pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I. BACKGROUND

Plaintiff filed his Complaint on April 9, 2019. (Doc. 1). His application to proceed *in forma pauperis* was granted on May 17, 2019. (Doc. 8). Plaintiff is currently incarcerated in the Fort Worth Federal Medical Center in Fort Worth, Texas.

Plaintiff named Robert Cessario, an agent with the Federal Bureau of Investigation ("FBI"), and Kyra E. Jenner and Mark W. Webb, Assistant United States Attorneys, as Defendants in his Complaint. He alleges they conspired with each other to deprive Plaintiff of substantive and procedural due process, meaningful access to the United States Courts, and effective assistance of counsel during a 28 U.S.C. § 2255 proceeding which

is currently on appeal before the Eighth Circuit.  *See United States v. Bolt*, No. 5:13-CR-50085 (habeas case).[1]  Plaintiff sets forth six claims in his Complaint.

In Claim One, Plaintiff alleges on or about March 16, 2017, Defendants Cessario, Jenner, and Webb "created a civil conspiracy to deny Plaintiff's right to habeas corpus relief" by intentionally violating an order from the District Court regarding the production of physical and electronic evidence.  (Doc. 1 at 12).  As part of the conspiracy, Plaintiff claims Defendants Jenner and Webb filed "spurious" court pleadings, made false, fraudulent and misleading statements to Plaintiff's counsel, and provided his counsel with altered, edited and redacted discovery data in an effort to "lull" Plaintiff's counsel from seeking sanctions. Plaintiff claims these actions impaired and prejudiced his counsel in the performance of his duties and "constitute the tort of outrage under Arkansas state law."  (Doc. 1 at 13).

In Claim Two, Plaintiff alleges Defendant Cessario, between December 19, 2016, and mid-September 2017 (the date of the evidentiary hearing in the § 2255 case), violated the Court's discovery orders, which "in turn violated the rights of the plaintiff . . . to due process and the privilege of habeas corpus by concealing information he was directed to provide . . ."  *Id.* at p. 14.

In Claim Three, Plaintiff claims Defendant Cessario "violated the court's specific orders . . . by falsely stating that there were no records in the FBI data management systems as to [various undercover FBI attorneys] while being in possession of the required information . . . ."  *Id.* at p. 15.

---

[1] The § 2255 habeas case, styled *Bolt v. United States*, was assigned civil case number 5:15-CV-05121.  However, all documents related to the habeas motion are docketed in the criminal case.  Plaintiff filed his Notice of Appeal on July 12, 2018.  (Doc. 159).  The Eighth Circuit docketed the appeal as USCA Case Number 18-2516 and 18-2517.

In Claim Four, Plaintiff states Defendant Cessario violated Plaintiff's due process rights and the privilege of habeas corpus by "first obtaining unredacted corporate and financial records related to various FBI undercover corporate entities and agents . . . then altering redacting . . . such records, using FBI owned data processing equipment [laptop]." *Id.* at 16.

In Claim Five, Plaintiff alleges Defendants Cessario, Jenner, and Webb "made a series of false, untrue, misleading and incomplete statements" to his attorney, Joseph Self, to "lull" him into inaction in advance of the September 2017 evidentiary hearing on the discovery issues before the Court. *Id.* Plaintiff goes on to state, "it was the purpose of these misleading statements to conceal their actual intent of completely non-complying with discovery items 24, 25 and especially 26 . . . of the court's December 19, 2016 discovery order." *Id.* Plaintiff also alleges that during this timeframe, Defendant Cessario "in an effort to conceal his misconduct . . . did wipe his FBI laptop hard drive in such a means . . . as to conceal his and the other defendant's misconduct." *Id.* at p. 16.

In Claim Six, Plaintiff alleges Defendants Cessario, Jenner, and Webb "intended to cause spoliation of evidence that they were under court order to preserve and produce to plaintiff." He states these actions were "done under the color of law" and "calculated and intended to conceal their own pervasive misconduct." *Id.* at p. 18.

Plaintiff is suing Defendants in their individual capacities only pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He is seeking compensatory and punitive damages.[2]

---

[2] Plaintiff seeks the following amounts for compensatory damages: Claim One - $5,000,000; Claim Two - $350,000; Claim Three - $350,000; Claim Four - $1,000,000; Claim Five - $1,000,000; and Claim Six - $500,000.

## II.    LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8 Cir. 1985).

## III.    DISCUSSION

Plaintiff alleges that Defendants Cessario, Jenner, and Webb, each of whom are federal officials, have violated his constitutional rights.  The Supreme Court held in *Bivens* that when "a federal agent acting under color of his authority" violates the Constitution, the agent's victim may recover damages against the agent.  *Bivens*, 403 U.S. at 389.  However, in this case all of Plaintiff's claims are subject to dismissal.

First, all of Plaintiff's claims against Defendants Cessario, Jenner, and Webb arise from what he perceives to have been violations of a discovery order entered by this Court

during his § 2255 motion to vacate his conviction. A review of Plaintiff's criminal case and his subsequent motion to vacate reveals that Plaintiff made similar objections and filed motions regarding discovery which were overruled by the Court. *See United States v. Bolt,* 5:13-cr-50085 (Doc. 157). On July 12, 2018, Plaintiff appealed the Court's ruling. *Id.* at (Doc. 159). This appeal is currently pending before the Eighth Circuit.

Plaintiff may not utilize this civil rights case to circumvent his criminal appeal. *See Trevino v. Jenner*, 2009 WL 1444101, at *3 (W.D. Ark. May 20, 2009) (citing *Sunal v. Large*, 332 U.S. 174, 178 (1947) ("The normal and customary method of correcting errors of the trial is by appeal.")). The appellate process provides the appropriate avenue through which Plaintiff may seek redress for any purported irregularities in how the prosecutors or witnesses responded or failed to respond to discovery orders during his § 2255 proceeding. *Matthews v. O'Grady*, 2016 WL 438972, at *4 (E.D. Va. Feb. 2, 2016).

In addition, Defendants Jenner and Webb, two of the Assistant United States Attorneys prosecuting Plaintiff, are immune, both at common law and in *Bivens* actions, for conduct that is intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 407, 409 (1976) (§ 1983 case); *Thompson v. Walbran*, 990 F.2d 403 (8th Cir. 1993) (recognizing a federal prosecutor is immune in a *Bivens* action). Responding to a defendant's § 2255 motion falls squarely within that category of conduct. *See Matthews,* 2016 WL 438972, at *4. All conduct identified by Plaintiff in his Complaint occurred while Defendants Jenner and Webb represented the United States in relation to the criminal case against Plaintiff. Therefore, their conduct was intimately associated with the judicial phase of the criminal process, and they are immune from suit.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's claims against Defendants Robert Cessario are **DISMISSED WITHOUT PREJUDICE.** The claims against Kyra Jenner and Mark Webb are **DISMISSED WITH PREJUDICE.** The Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

**IT IS SO ORDERED** on this 6th day of June, 2019.


/s/ Timothy L. Brooks_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE